MOORE, Judge.
J.P., the paternal grandmother of E.T.N. (“the child”), filed a petition for a writ of mandamus compelling the Baldwin Juvenile Court (“the juvenile court”) to vacate its order, entered on September 10, 2014, awarding T.H. (“the mother”) custody of the child and to enter an order placing custody of the child with her. We treat the petition as an appeal and affirm the order.

Background

On July 23, 2014, J.P. (“the grandmother”) initiated a dependency action regarding the child; she also sought custody of the child. On August 18, 2014, the mother filed a motion alleging that the grandmother had absconded with the child and seeking custody of the child. On August 20, 2014, after amending her petition, the grandmother filed an “emergency petition for immediate temporary custody.” ■
On September 2, 2014, the juvenile court conducted a hearing on the dueling requests for custody. At that hearing, the juvenile court heard oral testimony from a representative of the Baldwin County Department of Human Resources, P.N. (“the father”), the mother, and the grandmother. On September 10, 2014, the juvenile court entered an order adjudicating the paternity of the child, awarding the mother custody of the child, awarding the father a schedule of supervised visitation, directing the father and the mother to separately engage in psychological counseling and to submit to random drug screens, and prohibiting the mother and the father from having any contact with one another pending the final hearing.
The grandmother filed her mandamus petition on September 24, 2014. In her petition, she asserts that she is entitled to temporary custody of the child because the parents are unfit to care for the child and that it is in the best interests of the child to be in her custody.

Analysis

Before proceeding to the merits, we first consider the nature of the order entered by the juvenile court. The juvenile court acquired subject-matter jurisdiction over the case through its dependency jurisdiction. See Ala.Code 1975, § 12-15-114(a). After the mother sought return of the child from the grandmother, the grandmother filed an “emergency” petition for temporary custody of the child, alleging that the child was in imminent threat of physical harm due to the mental and physical instability of the mother. Alabama Code 1975, § 12-15-138, provides that a juvenile court may, on an emergency basis, enter an order to protect the health and safety of a child who is the subject of a dependency proceeding. According to Ala. Code 1975, § 12-15-139,
“[a] protection or restraint order may be issued by the juvenile court, after notice and a hearing, upon proper showing by a preponderance of the evidence that an order is necessary to protect the health or safety of the child subject to a juvenile court proceeding or is otherwise in the best interests of the child.”
We conclude that the juvenile court conducted the September 2, 2014, hearing for the purpose of complying with the foregoing statutory provisions.
In its September 10, 2014, order, the juvenile court denied the grandmother’s petition for temporary custody, but it also entered certain injunctions designed to protect the health and safety of the child. See Ala. Code 1975, § 12-15-140(a) (“The protection or restraint order may set forth reasonable conditions of behavior to be observed by a person who is a parent, legal guardian, legal custodian, or other person legally responsible for the care of *683 the child subject to a juvenile court proceeding, or the spouse of the parent, or spouse of any other person legally responsible for the care of the child, or relatives of any of the above, or residents of the home of the child, or any other person.”); and Ala.Code 1975, § 12-15-140(b) (listing various examples of restraint orders that a juvenile court may impose). Rule 4(a)(1)(A), Ala. R.App. P., provides that a party may appeal from an interlocutory order granting or refusing an injunction within 14 days. Because the grandmother had the right to appeal from the protection order within 14 days, we treat her mandamus petition as an appeal.
On appeal, the grandmother correctly points out that the juvenile court received undisputed evidence indicating that the parents had been involved in several incidences of physical violence over the years, including in the presence of the child, who was born in February 2014, and that the mother had admitted that she had sometimes instigated the domestic violence. Under the Custody and Domestic or Family Abuse Act (“the Act”), Ala.Code 1975, § 30-3-130 et seq.,
“[i]n every proceeding where there is at issue a dispute as to the custody of a child, a determination by the court that domestic or family violence has occurred raises a rebuttable presumption by the court that it is detrimental to the child and not in the best interest of the child to be placed in sole custody, joint legal custody, or joint physical custody with the perpetrator of domestic or family violence....”
§ 30-3-131, Ala.Code 1975. . Hence, in this case, the juvenile court was obliged to presume that it would not be in the best interests of the child to be in the custody of the mother. However,- we reject the grandmother’s argument that the juvenile court was required to deny the mother custody of the child.
“Notwithstanding the provisions regarding rebuttable presumption, the judge must also take into account what, if any, impact the domestic violence had on the child.” § 30-3-131. The juvenile court reasonably could have concluded from the evidence that the domestic violence had not harmed the child or exposed the child to a substantial risk of harm. Although the father testified that the mother had attacked him on one occasion when he was holding the child in his arms and on another occasion when he was in close proximity to the child, the mother disputed those accounts and testified that the child had not been in a dangerous position. The grandmother admitted that the child had never been harmed by the mother. Although the juvenile court did not expressly address the rebuttable presumption arising from the Act in its order, see Ex parte Fann, 810 So.2d 631 (Ala.2001) (rejecting decisions of this court holding that the Act requires express findings regarding domestic violence), we must assume that, by placing the child in the custody of the mother, it found that the mother had rebutted the presumption by proving that the acts of domestic violence had not negatively impacted the child, see McCormick v. Ethridge, 15 So.3d 524, 531 (Ala.Civ.App.2008), and that the evidence did not rise to the level necessary to establish that the mother was unfit such that custody should be awarded to the grandmother, a nonparent. See Ex parte Terry, 494 So.2d 628 (Ala.1986); and Ex parte Fann, supra. Under our standard of review, which requires us to give deference to a juvenile court’s implied findings of fact if supported by substantial evidence, we cannot disturb those findings. See Cleveland v. Cleveland, 18 So.3d 950, 954 (Ala.Civ.App.2009).
*684 Moreover, we note that the juvenile court imposed certain conditions to ensure the safety of the child, the most notable being the requirement that the parents refrain from having contact with one another. The evidence showed that the mother and the father were engaged in a “toxic” relationship, which was fueled by mutual anger-management problems that erupted in physical altercations between them. A representative of the Baldwin County Department of Human Resources testified essentially that the safety of the child would be protected by keeping the mother and the father separated. The provision in the protection order requiring the parents not to have any contact with each other indicates that the juvenile court addressed the safety of the child without taking the more drastic action of removing the child from the custody of the mother; that decision rested squarely within the juvenile court’s discretion under §§ 12-15-138 and 12-15-139. Accordingly, we hold that the juvenile court did not commit reversible error, and the conditional order is affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.